IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JEFFERY DANIEL SMITH, #98163,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 22-cv-02409-JPG |
| | ) | |
| **JUSTIN VALENCIA,** | ) | |
| **UNKNOWN OFFICER,** | ) | |
| **and GRANITE CITY POLICE** | ) | |
| **DEPARTMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Jeffery Smith, an inmate at Madison County Jail, filed this civil rights action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. 1). In the Complaint, Plaintiff claims he was subjected to excessive force during his arrest by two officers who were employed by the Granite City Police Department. (Doc. 1, pp. 5, 12). He seeks money damages. (*Id*. at 5). The Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and dismiss any portion that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from a defendant who by law is immune. 28 U.S.C. § 1915A.

## The Complaint

Plaintiff sets forth the following allegations in the Complaint (Doc. 1, pp. 5, 12): on or around October 5, 2022, Plaintiff was beaten and kicked in the face by Defendants Unknown Officer and Justin Valencia during his arrest by the Granite City Police Department. Plaintiff alleges that Officer Valencia subdued him while Unknown Officer kicked him. When he

1

complained, Unknown Officer denied kicking Plaintiff but threatened to "beat [his] ass right now." (*Id*. at 12).  Plaintiff sustained a broken nose and received stitches in his lower and upper right arm.  He also sustained serious eye damage and still suffers from eye pain and vision loss.

## Discussion

The Court has reviewed the *pro se* Complaint and identified the following claim:

**Count 1:**    Fourth Amendment[1] claim against Defendants for using excessive force on Plaintiff, or failing to intervene and prevent its use, around October 5, 2022.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

This claim survives screening against Defendant Unknown Officer and Justin Valencia under the Fourth Amendment, which safeguards "[t]he right of the people to be secure in their persons" and prohibits unreasonable seizures.  *See Torres v. Madrid*, -- U.S. --, 141 S.Ct. 989, 993, 995-96 (2021).  The allegations suggest that both officers were personally involved in the use of unreasonable force, or the failure to prevent its use, against Plaintiff on or around October 5, 2022.  Therefore, Count 1 shall receive further review against both of them.

This claim does not survive review against Granite City Police Department.  Plaintiff's designation of the police department may represent his attempt to hold the city liable for his injuries.  *See Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 690, 694 (1978).  But, municipal liability under § 1983 arises from the execution of a government policy or custom that causes a constitutional injury, and Plaintiff identifies no such policy or custom in the Complaint.

---

[1] Plaintiff invokes the Eighth and Fourteenth Amendments, which apply to excessive force claims brought by pretrial detainees (Fourteenth Amendment) and convicted prisoners (Eighth Amendment).  The Fourth Amendment governs claims of unreasonable force brought by arrestees.

2

Count 1 shall be dismissed without prejudice for failure to state a claim against Granite City Police Department.

### Identification of Unknown Officer

Although Plaintiff will be allowed to proceed with Count 1 against Defendant Unknown Officer, this defendant must be identified before service of the Complaint can be made on him or her. Plaintiff will have the opportunity to engage in limited discovery to ascertain the officer's identity. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009). Officer Justin Valencia is responsible for promptly responding to this discovery aimed at identifying the unknown defendant. Once the name of Unknown Officer is discovered, Plaintiff shall file a motion to substitute the newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening as follows: **COUNT 1** will proceed against **JUSTIN VALENCIA** and **UNKNOWN OFFICER**, in their individual capacities, and is **DISMISSED** without prejudice against **GRANITE CITY POLICE DEPARTMENT** for failure to state a claim upon which relief may be granted.

The Clerk's Office is **DIRECTED** to **TERMINATE** Defendant **GRANITE CITY POLICE DEPARTMENT** as a defendant.

**IT IS ORDERED** that Plaintiff's Motion to Disclose Evidence (Doc. 8) is **DENIED without prejudice**. The parties have an obligation to preserve electronic evidence in anticipation of litigation, including video or audio footage of the incident described herein, and they are subject to sanctions for failure to preserve this evidence. *See* FED. R. CIV. P. 37(e). However, merits discovery has not yet commenced. Plaintiff may request this information once the Court enters a

Scheduling and Discovery Ordering that lifts the stay on merits discovery, provides instructions for merits discovery, and sets deadlines for the same.

The Clerk of Court shall prepare for **OFFICER JUSTIN VALENCIA** and **UNKNOWN OFFICER (once identified)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment.  If any Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, his or her last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be kept in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merits Review Order.**

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer

or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.

**IT IS SO ORDERED**.

**DATED: 5/10/2023**

**s/J. Phil Gilbert**
**J. PHIL GILBERT**
**United States District Judge**

**Notice**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint.  After service has been achieved, each defendant will enter an appearance and file an Answer to your Complaint.  It will likely take at least 60 days from the date of this Order to receive each Defendant's Answer, but it is entirely possible that it will take 90 days or more.  When all defendants answer, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures.  Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.