**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JEFFERY DANIEL SMITH, #98163,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Case No. 22-cv-02409-JPG** |
| | ) | |
| **JUSTIN VALENCIA,** | ) | |
| **UNKNOWN OFFICER,** | ) | |
| **and GRANITE CITY POLICE** | ) | |
| **DEPARTMENT,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is now before the Court for case management purposes. As explained in more detail below, Plaintiff Jeffery Smith has failed to comply with multiple court orders to update his address and otherwise failed to prosecute his claims in this case. Accordingly, this action shall be **DISMISSED without prejudice**. *See* FED. R. CIV. P. 41(b).

### Discussion

Plaintiff commenced the underlying action by filing a Complaint under 42 U.S.C. § 1983 for constitutional deprivations stemming from excessive force allegedly used by two officers from the Granite City Police Department. (Doc. 1). On the date he filed this action, the Court entered a Notice and Order advising Plaintiff of his ongoing obligation to timely notify the Court of any address changes that occurred during the pending action: "[Y]ou are advised that if your address changes, you must notify the Court within seven days of the change by filing a Notice of Change of Address." (Doc. 2). Plaintiff was also warned that "[f]ailure to do so could result in the dismissal of [the] case." (*Id.*).

1

He received additional notice of this obligation as the case proceeded.   For example, the Court issue the same instruction and warning on October 25, 2022: "[Y]ou are advised that if your address changes, you must notify the Court within seven days of the change by filing a Notice of Change of Address.  Failure to do so could result in the dismissal of [the] case."  (Doc. 6).  And, the Court reminded Plaintiff of his ongoing obligation to update his address in the Screening Order:

> Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

(Doc. 11, p. 5).

The Court's Orders at Docs. 2, 6, and 11 reflect the requirement made of all plaintiffs proceeding *in forma pauperis* in this District.  Local Rule 3(1)(b) states: "All petitioners and plaintiffs are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his or her location.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs."  *See* SDIL-Local Rule 3.1(b).

Plaintiff failed to notify the Court of his address change, as ordered, and his mail has been returned to the Court undelivered.  (Docs. 11-12, 17-21).  On May 31, 2023, the Court entered a Show Cause Order: "Plaintiff is **ORDERED** to **SHOW CAUSE** on or before **June 14, 2023**, why this case should not be dismissed for his failure to prosecute the case.  **Plaintiff's failure to respond to this Order will result in the dismissal of the case without further notice**. *See* **FED. R. CIV. P. 41(b).**"  (Doc. 19) (emphasis in original).  The Show Cause Order was also returned undelivered.  (*See* Doc. 21).  One returned envelope included a notation that Plaintiff is "not in custody."  (Doc. 20).  The Court has not heard from Plaintiff since November 3, 2022.  (Doc. 8).

Dismissal of this action based on Plaintiff's ongoing failure to update his address is now appropriate.  Under Rule 41(b) of the Federal Rules of Civil Procedure, a defendant may seek dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the[ ] rules or a federal court order."  *See* FED. R. CIV. P. 41(b).  A district court also has inherent authority to dismiss an action *sua sponte* for want of prosecution.  *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998); *Harrington v. City of Chicago*, 433 F.3d 542 (7th Cir. 2006); *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663 (7th Cir. 2006).  Dismissal is one of several tools a court may use "to achieve the orderly and expeditious disposition of cases."  *Williams*, 155 F.3d at 857 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).  Given the circumstances presented here, the Court deems it appropriate to dismiss this case without prejudice for Plaintiff's noncompliance with the Court's Orders to timely update his address (Docs. 2, 6, and 11; SDIL-Local Rule 3.1(b)) and based on Plaintiff's failure to prosecute his claims. *See* FED. R. CIV. P. 41(b).

### Disposition

**IT IS HEREBY ORDERED** that, for the reasons set forth above, this action is **DISMISSED** without prejudice based on Plaintiff's failure to comply with Court Orders (Docs. 2, 6, and 11) to update his address and to prosecute his claims.  FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467.  He must

list each of the issues he intends to appeal in the notice of appeal.  If the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike."

A proper and timely motion seeking reconsideration of this Order and filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 7/6/2023**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**